## STERNHAUS a. SCHMIDT.

*New York Common Pleas; Special Term, May,* 1857.

APPEAL IN MARINE COURT.—SECURITY.—STAY OF PROCEEDINGS.—
JUSTIFICATION.

In order to cause an appeal from a judgment of a single justice of the New York
Marine Court to the general term, to operate as a stay of proceedings, the
appellant must file an undertaking for the amount of the judgment, together
with the further sum of $250, to indemnify the respondent for costs and dam-
ages;—and the justification of the sureties on such undertaking must be in
double such aggregate amount.

Where the sureties justify in an amount less than the above aggregate, the pro-
ceedings of the successful party are not stayed.

An appellant who has given an undertaking upon appeal intended to stay pro-
ceedings, but insufficient to have that effect, may, under section 327 of the
Code, be allowed time to file a further undertaking.

Motion to set aside an execution.

This action was commenced in the New York Marine Court.
The plaintiff recovered a judgment before a single justice for
$235.50, from which the defendant appealed to the general
term. The sureties in the undertaking filed by the defendant
on his appeal, justified in the sum of $500 only.

The plaintiff filed a transcript of his judgment, issued execu-
tion, and caused the same to be levied. The defendant now
moved to vacate the plaintiff's proceedings upon the execution,
for irregularity, in that proceedings on the judgment were
stayed pending the appeal.

BRADY, J.—The appeal from the judgment of a single justice
of the Marine Court to the justices at the general term, must be
taken in the same manner as appeals in the Supreme Court
from the decision of a single judge to the general term (*Act of*
1853). The appeal from the judgment of a single judge of the
Supreme Court to the general term is regulated by section 348
of the Code of Procedure, which provides that such an appeal
does not stay the proceedings unless security be given, as upon

an appeal to the Court of Appeals, or unless the court or a judge thereof so orders, &c. No order in reference to the security to be given was made in this action in the court below.

To render an appeal to the Court of Appeals effectual for any purpose, a written undertaking must be executed on the part of the appellant by at least two sureties, to the effect that the appellant will pay all the costs and damages which may be awarded against him on the appeal, not exceeding $250 (*Code*, § 334). If the appeal be from a judgment directing the payment of money, it shall not stay the execution of the judgment, unless a written undertaking be executed on the part of the appellant by at least two sureties, to the effect that if the judgment appealed from or any part thereof be affirmed, the appellant will pay the amount directed to be paid by the judgment, or the part of such amount as to which the judgment shall be affirmed, if it be affirmed only in part, and all damages which shall be awarded against the appellant on the appeal (*Code*, § 335); and an undertaking upon an appeal shall be of no effect unless it be accompanied by the affidavit of the sureties that they are each worth double the amount specified therein (*Code*, § 341). When the appeal is perfected, as provided in section 335, it stays all further proceedings in the court below (*Code*, § 339).

The undertaking filed in the court below on the appeal from a judgment for $235.50 was right in form, but the affidavits of justification are deficient. The amount specified in the undertaking, and referred to by section 431, is the aggregate amount of the judgment, and the sum of $250 to indemnify the respondent for costs and damages; and the justification should have been in double such amount, and not only in $500. The amount of the judgment and the sum of $250 must be added together, and the securities must justify in double the amount of such addition. The fact that the amount of costs that can be recovered on appeals in the Marine Court is determined by statute, does not dispense with a compliance with the Code as to the manner of taking the appeal. An undertaking which provided for the payment of the judgment and all the damages, omitting costs, although the justification was ample, was held to be insufficient. The statute must be complied with (Chemung

Canal Bank *a.* Judson, 10 *How. Pr. R.*, 133). The justification herein not complying with section 341, the undertaking was of no effect, no stay followed, and the plaintiff could proceed with the execution.

The appellant, however, can be relieved under section 327, which provides that when a party shall give in good faith a notice of appeal from a judgment, and shall omit, through mistake, to do any other act necessary to perfect the appeal or stay the proceedings, the court may permit an amendment on such terms as may be just.

It seems that the goods seized under the execution have been claimed by a mortgagee in an action brought, and it is urged that the plaintiff, having given the undertaking provided by section 211, should not now be disturbed by the appeal. That view cannot be sustained. The defendant has a right to appeal, and can exercise it with all its advantages, although between his judgment creditors and his mortgagee a litigation be pending as to the property seized. He complains of the judgment by which the property was taken, and in which property he has a residuary interest, admitting the mortgage to be valid. Although he might discharge the mortgage, he could not stay the sale under the execution without perfecting his appeal.

Ordered, that the defendant have five days from the entry or service of this order to perfect his appeal to the court below, and proceedings stayed in the mean time on the execution issued. No costs to either party.